REDMOND v. HOGE.

*Corporation — Jurisdiction — when courts of this State have of foreign corporation — Parties — in action by stockholder against corporation — when other stockholders need not be joined.*

In an action by certain stockholders and directors of a corporation organized under the laws of Connecticut, against the corporation and its president, and a majority of its directors, it appeared, that the affairs of the corporation were being wound up by the directors, that the corporation was indebted but had an amount of money more than sufficient to pay its indebtedness; that the funds thereof were in the hands of W. H. & Co., and another, who were

Redmond v. Hoge.

directors, and the complaint charged that W. H. & Co. were insolvent, and intended to leave this State; that proceedings to wind up the corporation had been instituted in Connecticut, and a receiver appointed, but the proceedings were discontinued because the funds were detained in this State, and a receiver could not obtain possession of them; that the plaintiffs had endeavored to have the funds of the corporation applied to the payment of its debts, and the surplus distributed among its stockholders, and to have the funds invested in government stock, subject to the control of all the directors, which endeavors were resisted by the other directors, and the complaint asked that a receiver be appointed to take possession of the funds; that the accounts of the president of the company be settled; that the indebtedness of the corporation be paid, and the surplus be distributed · among the stockholders. All the directors, both plaintiffs and defendants, were residents of this State.

*Held*, that it was unnecessary that all the stockholders should be joined as parties; that the fact that the corporation was a foreign one did not deprive the court of jurisdiction in the matter; that the proceeding was not one to wind up a foreign corporation, but one to preserve its funds and apply them in accordance with the proceedings for dissolution in the home state of the corporation, and the court would not be deprived of jurisdiction, the directors, both plaintiffs and defendants residing here and the property being here, and the Connecticut courts being unable to obtain possession of the property of the corporation.

APPEAL by defendants, William Hoge and others, from an order at the special term appointing a receiver of the money and funds of the defendants, the Enfield Manufacturing Company, now in the hands of the defendants, William Hoge and George M. Downs, and their said firm of William Hoge & Co., and directing them to pay over to said receiver $15,726 on account of said moneys, etc.

The action was brought by William Redmond and another, against the defendants above named, for the purposes mentioned, and for other relief.    The facts fully appear in the opinion.

*John E. Burrill*, for appellant.

*Henry Nicoll*, for respondents.

DAVIS, P. J.    It appears in this case that the defendant, The Enfield Manufacturing Company, is a corporation created under the laws of the State of Connecticut, and that while in business it carried on the same at Enfield in that State.

At a meeting of the stockholders, on the 29th of March, 1872, it was resolved that the affairs of the corporation should be wound

Redmond v. Hoge.

up, its property sold and its debts paid, and its remaining assets divided among the stockholders, and the directors were directed and authorized to carry out the resolution ; that the property of the corporation was afterward sold by the directors except about $25,000 in value, and in the month of December, 1872, the sum of $140,000 was divided ratably among the stockholders; that an order under the statute of Connecticut was obtained from the superior court of that State, limiting the time for creditors to present their claims, and barring all claims not presented before the 10th day of August, 1872 ; that all claims were so presented before the 10th day of August, 1872 ; that the unsettled claims do not now exceed the sum of $10,000; that since the month of December, 1872, the whole of the property of the corporation, with a small exception, has been converted into money, and that the proceeds are in the hands of the appellant, William L. Hoge, as secretary and treasurer, and William Hoge & Co., as depositaries.

It is shown also that the plaintiffs are stockholders to the amount of two thousand shares each ; that the defendant William Hoge owns over eight thousand shares, and more than a majority of the whole stock ; that the defendants, William L. Hoge and George M. Downs each own one share of the stock; that William Hoge is president of the company ; that William L. Hoge is secretary and treasurer ; that the plaintiffs and defendants are the directors of the company ; that defendant Downs is copartner of William Hoge, and they constitute the firm of William Hoge & Co., in whose hands the moneys of the company are alleged to be.

It is also alleged by the plaintiffs that the moneys of the corporation have been used in the business of William Hoge & Co., that said firm have suspended payment, and are insolvent, and are an unsafe depositary of trust funds, and the fact that they have suspended payment and have procured an extension for the payment of their debts, from their creditors, is admitted, but it is denied that they are insolvent, and it is also denied that they have used the moneys in their business otherwise than bankers are accustomed to use the moneys of their depositors. The plaintiffs also allege that at a meeting of the directors on the 28th of May last, at which were present the plaintiffs and appellants, a resolution was offered by one of the plaintiffs, requesting an immediate distribution of the proceeds of the property of the corporation amongst the creditors, after deducting so much as might be necessary to cover

the claims against the company, which resolution was voted down by the appellants; that another resolution reciting that "whereas the cash funds of the company are now on deposit with Messrs. William Hoge & Co., in this city, and which firm is in an embarrassed state, not meeting its obligations," and directing that the cash funds be at once deposited in the United States Trust Company, to the credit of the company, to be drawn out only on check signed by the directors.

This also was voted down by the appellants. It is also alleged and not denied, that none of the property of the corporation is now in the State of Connecticut, and that none of the directors reside in that State ; that the affairs of the corporation have been and are managed in the city of New York, where all the meetings of the directors have been and are held.

It appears also in the papers, that in September, 1872, on the petition of one Coffin, a stockholder, the superior court of Connecticut appointed Wm. W. Eaton a receiver of the property of the company, that he accepted the trust and filed his bond. The suit was arranged and discontinued, but it appears from the report of the receiver and from the petition and from the order discharging him, that "the assets of said company were detained in the city of New York," and that the receiver "never has had or been permitted to have possession of any of the assets of said corporation." And it is averred in the complaint that unless plaintiffs can have relief in the courts of the State of New York, where the appellants reside, they will be without remedy against them.

The relief prayed for is that a receiver of the company be appointed to whom the said William Hoge, George M. Downs, and William L. Hoge, shall be directed to assign and transfer all the property and funds of the corporation in their hands, or in the hands of William Hoge & Co. ; that thea ccounts of William Hoge, as president of said company, be settled and adjusted; that the amount of unpaid debts of the corporation be liquidated, and that the remainder be distributed amongst the stockholders of the corporation, in proportion to their shares of stock.

The case is an extraordinary one, and certainly calls for the application of some remedy, if it be in the power of the court sitting in equity to grant any. It is objected by the appellants, first, that all the stockholders are not made parties to the action, and that the suit is not averred to be brought on behalf of all the

stockholders. The defendants do not state the names, or residences, of the other stockholders, but simply allege that there are others.

We do not think it necessary that all the stockholders should be joined as parties. And if it be material that the plaintiff should aver that the suit is brought on behalf of themselves and all other stockholders, that is a defect that may be easily cured by a formal amendment. The relief prayed for is for the benefit of all the stockholders, and the rights of all will be fully protected, if the plaintiffs shall be successful, to the same extent as though they were actually named as parties.

It is objected, secondly, that the Enfield company is a foreign corporation, and that this court has acquired no jurisdiction over it. This objection is based upon facts asserted by counsel, but which nowhere appear in the papers. It is said that the corporation has not appeared in the action. It is not shown by the papers whether the company has or has not appeared as a party. It cannot be assumed for the purpose of aiding the appellants to defeat the proceedings that the corporation has not or will not appear. It is certainly for its interest to appear for the protection of the assets alleged now to be in unsafe hands, and since its depositaries are shown to be beyond the reach of the Connecticut courts, the fair assumption is, if one is to be made at all, that the corporation has appeared or will appear. The defendants, however, should have shown affirmatively the fact on which they rely and then it would be a question for the court whether the power of absolute control over the corporation which the defendants hold as its president, secretary and treasurer, and as a majority of the directors, would not be so apparent that the court would consider the non-appearance of the corporation in the suit, as a matter so fully within their power, and if available, so potent as an instrument of injustice to the corporation itself, that it would not hear the appellants assert it as a defense for themselves.

It is in the third place insisted that the object of the action is to wind up the affairs of a foreign corporation, and distribute its property among the parties entitled to it. We do not understand the object of the action to be the dissolution and winding up of the affairs of the Enfield Manufacturing Company. The corporation seems already to have been practically dissolved and terminated, but we must assume it to have a legal vitality, because its debts are not

Redmond v. Hoge.

fully extinguished and its assets wholly distributed. The object, however, of this action is to reach and preserve a portion of its assets which are beyond the jurisdiction of the Connecticut courts and within our own, and are in the hands of officers of the corporation, who cannot be sued in Connecticut, and who have power to prevent suit by the corporation itself in our courts, and which funds are shown by other officers and stockholders to be in a precarious situation.

The complaint does not ask that the corporation be dissolved by our courts ; nor that its affairs be wound up ; nor that its general property be distributed. Its sole aim is at the particular fund, now in danger, the preservation of which is the chief object, and its payment and distribution to stockholders are secondary and incidental objects of the action.

The papers show, on both sides, that the corporation is in the process of winding up its own affairs according to the law of Connecticut, and that the courts of that State have been invoked and have accordingly made orders in aid of that process, and this suit, in one point of view, may be said to be ancillary to that proceeding. Yet it neither controls nor terminates it. Judgment complete and final in this case will not terminate the corporate existence of the Enfield Manufacturing Company ; nor in any wise affect the control which the laws and the courts of Connecticut have over such corporate existence. The whole scope and story of this action may be stated almost in a sentence. The officers who have complete control of a foreign corporation, now in process of voluntary dissolution, being all residents of this city, and having in their possession here, certain funds of the corporation, which their own insolvency has put in jeopardy, and neither they nor the funds being amenable to the jurisdiction of the State under whose laws the corporation was created and exists, refuse to make application of such funds to the payment of creditors and stockholders in conformity to the proceedings for dissolution or to put the same in a place of safety. They possess, being all the executive and a majority of the administrative officers of the corporation, such powers of control that no suit can be commenced by the corporation itself, to protect the fund. Is a court of equity of this State powerless at the suit of a minority of the officers, who are stockholders and personally interested in the application and distribution of the fund, to appoint a receivership of the particular fund, and apply it first to

Redmond v. Hoge.

the payment of creditors of the corporation, and secondly to distribution among the stockholders in accordance with the proceeding for dissolution in the home state of the corporation?

We have clearly jurisdiction of the persons of the officers in this State. We have jurisdiction of the property, because it is within our territory. The plaintiffs are also citizens of our State and show themselves to be remediless both in Connecticut and in the federal courts. We are not prepared to say until some higher tribunal shall admonish us to the contrary, that this court has not, under such circumstances, power to intervene so far as relates to the property actually within the State.

The court is not powerless in such a case to enforce any judgment it may render, so long as it is limited to the particular fund which it finds here and takes from the hands of persons over whom its jurisdiction is complete, and puts it into the safe-keeping of its ewn officers; and we are aware of no authority which denies to us jurisdiction in a case containing all the elements of that before us. It is idle to answer that the courts of Connecticut have jurisdiction over the *corporation;* for such jurisdiction, so far as it affects the questions and remedies here, is futile.

Its impotency was illustrated in the proceeding commenced in the superior court in which Eaton was appointed receiver, and in which he was forced in substance to report that all the assets of the corporation were detained in the city of New York, and that he never has had nor been permitted to have possession of any of the assets of the said corporation.

A receiver if appointed there must resort to our courts to reach the appellants and the fund in their hands, by an action similar to the present, and become snbstantially the receiver of this court, in order to acquire possession of the fund. But while no such officer exists in Connecticut, there seems to us no sound reason why the jurisdiction of this court may not be invoked, to preserve a fund now in the hands of persons in our jurisdiction and in danger of being lost by their insolvency or improper use.

The order should be affirmed with $10 costs, besides disbursements.

*Order affirmed.*